Scott Alan Burroughs, Esq. (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Frank R. Trechsel, Esq. (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY SMITH LTD., a New York limited company a/k/a The Estate of Rodney Smith, <br><br> Plaintiff, <br><br> v. <br><br> SUGAR FACTORY BROADWAY, LLC, a Nevada Limited Liability Company; SUGAR FACTORY ATLANTA, LLC, a Georgia limited liability company; BILOXI SF, LLC, a Mississippi limited liability company; SUGAR FACTORY BRAVERN, LLC, a Delaware limited liability company; TABLEZ FOOD COMPANY, LLC, a United Arab Emirates registered company; SUGAR FACTORY PFC, LLC, a Virginia limited liability company; ATLANTIC CITY SF, LLC, a New Jersey limited liability company; SUGAR FACTORY LV BLVD, LLC, a Nevada limited liability company; SUGAR FOX 218, LLC, a Rhode Island limited liability company; | Case No.: <br><br> **PLAINTIFF'S COMPLAINT FOR**: <br><br> 1.  COPYRIGHT INFRINGEMENT <br> 2.  VIOLATIONS OF 17 U.S.C. §1202 <br><br> <u>JURY TRIAL DEMANDED</u> |

- 1 -

COMPLAINT

SUGAR FACTORY OCEAN DRIVE, LLC, a Florida limited liability company; TAMPA SF, LLC, a Florida limited liability company; SUGAR FACTORY I-DRIVE, LLC, a Florida limited liability company; SUGAR FACTORY ROSEMONT, LLC, an Illinois limited liability company; SUGAR FACTORY DUBAI, LLC, a United Arab Emirates registered company; SF 55, LLC, an Illinois limited liability company; TABLEZ RESTAURANT COMPANY, LLC, a United Arab Emirates registered company; THE CONFECTIONAIRES, INC., a Philippines registered company; SUGAR FACTORY CENTURY CITY, LLC, a Delaware limited liability company; MINN SF, LLC, a Minnesota limited liability company; and DOES 1-10, inclusive,

Defendants.

COMPLAINT

1         Plaintiff, RODNEY SMITH LTD., by and through its undersigned attorneys,

2 hereby prays to this honorable Court for relief based on the following:

3 **JURISDICTION AND VENUE**

4 1.     This action arises under the Copyright Act of 1976.

5 2.     This Court has jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

6 3.     Venue is proper under 28 U.S.C. § 1391(c) and 1400(a) because a substantial

7 part of the acts and omissions giving rise to the claims occurred here.

8 **PARTIES**

9 4.     Plaintiff RODNEY SMITH LTD., a/k/a The Estate of Rodney Smith

10 (collectively, "The Estate") is a New York limited company.

11 5.     Plaintiff is informed and believes and thereon alleges that Defendant SUGAR

12 FACTORY BROADWAY, LLC, a Nevada Limited Liability Company that is a

13 licensee of Sugar Factory, LLC owns and/or operates a Sugar Factory branded

14 facility, and does business in and with, the state of California.

15 6.     Plaintiff is informed and believes and thereon alleges that Defendant SUGAR

16 FACTORY ATLANTA, LLC a Georgia limited liability company that is a licensee

17 of Sugar Factory, LLC owns and/or operates a Sugar Factory branded facility, and

18 does business in and with, the state of California.

19 7.     Plaintiff is informed and believes and thereon alleges that Defendant BILOXI

20 SF, LLC, a Mississippi limited liability company that is a licensee of Sugar Factory,

21 LLC owns and/or operates a Sugar Factory branded facility, and does business in and

22 with, the state of California.

23 8.     Plaintiff is informed and believes and thereon alleges that Defendant SUGAR

24 FACTORY BRAVERN, LLC, a Delaware limited liability company that is a licensee

25 of Sugar Factory, LLC owns and/or operates a Sugar Factory branded facility, and

26 does business in and with, the state of California.

27

28

- 3 -

COMPLAINT

9.     Plaintiff is informed and believes and thereon alleges that Defendant TABLEZ FOOD COMPANY, LLC, a United Arab Emirates registered company that is a licensee of Sugar Factory, LLC owns and/or operates a Sugar Factory branded facility, and does business in and with, the state of California.

10.     Plaintiff is informed and believes and thereon alleges that Defendant SUGAR FACTORY PFC, LLC a Virginia limited liability company that is a licensee of Sugar Factory, LLC owns and/or operates a Sugar Factory branded facility, and does business in and with, the state of California.

11.     Plaintiff is informed and believes and thereon alleges that Defendant ATLANTIC CITY SF, LLC, a New Jersey limited liability company that is a licensee of Sugar Factory, LLC owns and/or operates a Sugar Factory branded facility, and does business in and with, the state of California.

12.     Plaintiff is informed and believes and thereon alleges that Defendant SUGAR FACTORY LV BLVD, LLC, a Nevada limited liability company that is a licensee of Sugar Factory, LLC owns and/or operates a Sugar Factory branded facility, and does business in and with, the state of California.

13.     Plaintiff is informed and believes and thereon alleges that Defendant SUGAR FOX 218, LLC, a Rhode Island limited liability company that is a licensee of Sugar Factory, LLC owns and/or operates a Sugar Factory branded facility, and does business in and with, the state of California.

14.     Plaintiff is informed and believes and thereon alleges that Defendant SUGAR FACTORY OCEAN DRIVE, LLC a Florida limited liability company that is a licensee of Sugar Factory, LLC owns and/or operates a Sugar Factory branded facility, and does business in and with, the state of California.

15.     Plaintiff is informed and believes and thereon alleges that Defendant TAMPA SF, LLC a Florida limited liability company that is a licensee of Sugar Factory, LLC

- 4 -

COMPLAINT

owns and/or operates a Sugar Factory branded facility, and does business in and with, the state of California.

16.     Plaintiff is informed and believes and thereon alleges that Defendant SUGAR FACTORY I-DRIVE, LLC, a Florida limited liability company that is a licensee of Sugar Factory, LLC owns and/or operates a Sugar Factory branded facility, and does business in and with, the state of California.

17.     Plaintiff is informed and believes and thereon alleges that Defendant SUGAR FACTORY ROSEMONT, LLC an Illinois limited liability company that is a licensee of Sugar Factory, LLC owns and/or operates a Sugar Factory branded facility, and does business in and with, the state of California.

18.     Plaintiff is informed and believes and thereon alleges that Defendant SUGAR FACTORY DUBAI, LLC, a United Arab Emirates registered company that is a licensee of Sugar Factory, LLC owns and/or operates a Sugar Factory branded facility, and does business in and with, the state of California.

19.     Plaintiff is informed and believes and thereon alleges that Defendant SF 55, LLC an Illinois limited liability company that is a licensee of Sugar Factory, LLC owns and/or operates a Sugar Factory branded facility, and does business in and with, the state of California.

20.     Plaintiff is informed and believes and thereon alleges that Defendant TABLEZ RESTAURANT COMPANY, LLC, a United Arab Emirates registered company that is a licensee of Sugar Factory, LLC owns and/or operates a Sugar Factory branded facility, and does business in and with, the state of California.

21.     Plaintiff is informed and believes and thereon alleges that Defendant THE CONFECTIONAIRES, INC. a Philippines registered company that is a licensee of Sugar Factory, LLC owns and/or operates a Sugar Factory branded facility, and does business in and with, the state of California.

COMPLAINT

22.     Plaintiff is informed and believes and thereon alleges that Defendant SUGAR FACTORY CENTURY CITY, LLC a Delaware limited liability company that is a licensee of Sugar Factory, LLC owns and/or operates a Sugar Factory branded facility, and does business in and with, the state of California.

23.     Plaintiff is informed and believes and thereon alleges that Defendant MINN SF, LLC a Minnesota limited liability company that is a licensee of Sugar Factory, LLC owns and/or operates a Sugar Factory branded facility, and does business in and with, the state of California.

24.     Defendants Does 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. Their true names, whether corporate, individual or otherwise, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

25.     Plaintiff alleges on information and belief that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**GENERAL ALLEGATIONS**

26.     The Estate manages the archive of preeminent photographer Rodney Smith.

COMPLAINT

27.    Mr. Smith was a prominent fashion and landscape photographer known for his unique combination of surrealism, style and wit, as well as the high quality and craftsmanship of his prints.

28.    Mr. Smith's photographic artworks have been, and continue to be, collected by museums, private collectors, and other entities around the world.

29.    On or about February 1, 2017 all rights in and to Mr. Smith's entire catalogue of photographic works were assigned to The Estate. The assignment of photographic images and copyright interests was recorded with the U.S. Copyright Office on or about December 15, 2017 under Document 122 of Volume 9953.

30.    The Estate exclusively owns, holds, and maintains the copyright registrations in Mr. Smith's photographs, and sells limited editions of authenticated prints, and licenses the photographs for certain commercial purposes, on a case-by-case basis.

31.    The Estate does not allow licensees to distort its photographer's creative works by adding corporate branding on top of the Images, without additional permission and compensation.

32.    One of the Estate's photographs, which is the subject of this lawsuit, is entitled "Mira and Wessel Holding Hands in front of the Eiffel Tower, Paris, Archive No. EBR-0907-072-03," (referred to herein as the "Subject Photograph").

33.    The Subject Photograph was registered with the U.S. Copyright Office.

34.    Defendants are each licensees of Sugar Factory, LLC ("Sugar Factory") a licensor of the Sugar Factory brand that provides branding, décor, and marketing to licensees to build and operate Sugar Factory branded restaurants. The Sugar Factory brand is a highly choreographed brand that uses a French décor and imagery, celebrity association, and candy themed dishes and drinks to draw in customers. Among the French themed décor is the use of the Subject Photograph with Sugar Factory brand elements added to it.

35.    A true and correct image of the Subject Photograph is provided below:

COMPLAINT

[Intentionally Left Blank]

**Smith Photograph:**



36.     The Estate is informed and believes, and thereon alleges that, Defendants and each of them have, without authorization, copied, reproduced, and publicly displayed versions of the iconic Subject Photograph. Such infringing uses include, but are not limited to, prominent displays within at least seven Sugar

1    Factory restaurant locations. A true and correct depiction of an exemplar of one

2    infringing use in a Sugar Factory restaurant in the United States is provided below:

3

4

5                               [Intentionally Left Blank]

6

7

8

9                          **<u>Exemplar of Infringing Use</u>:**

10



23

24        37.    Plaintiff is informed and believes and thereon alleges that the Subject

25   Photograph was modified by Defendants, and each of them, to distort the Subject

26   Photograph and by adding false certain copyright management information and

27   Sugar Factory branding information to the Subject Photograph. As can be seen

28

COMPLAINT

denoted by the red arrow in the above image, Defendants and each unlawfully added, *inter alia*, and without limitation, Sugar Factory's branded duck icon onto the illicitly reproduced Subject Photograph.

38. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants, and each of them, used, exploited, displayed, and distributed images that are identical or substantially similar, to the Subject Photograph – as well as unlawful derivative versions thereof including Defendants' copyright management information – physical locations, as well on various websites including https://sugarfactory.com/ (such unauthorized and unlawful content collectively referred to herein as "Infringing Content"). Attached hereto as **Exhibit A** are true and correct screenshots taken from Sugar Factory's website reflecting Infringing Content on various webpages under the "Locations" button of the website and that Infringing Content was prominently displayed in several physical locations around the world. **Exhibit A** includes red boxes identifying the Infringing Content specifically. Plaintiff has further been informed in other litigation that the Defendants, and each, engaged in the unlawful conduct alleged herein.

39. The exemplars set forth herein are not meant to be all-encompassing, and the claims made herein are made as to all uses and exploitations of the Subject Photograph by Defendants, and each of them, online and in their physical locations around the world.

40. Defendants, and each of them, have willfully copied, reproduced, displayed, and distributed Infringing Content for financial benefit and without The Estate's consent.

41. Defendants, and each of them, engaged in acts of infringement, including without limitation the unauthorized reproduction and distribution of the Subject Photograph, in the United States, and these acts allowed for

COMPLAINT

Defendants, and each of them, to further infringe Plaintiff's copyrights internationally. Plaintiff makes the claims herein as to all infringing acts of Defendants, domestically and internationally.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

42. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

43. Plaintiff alleges on information and belief that Defendants, and each of them, accessed the Subject Photograph by without limitation, viewing the Subject Photograph in periodicals, on websites or social media profiles, on other sites online, or in physical publications. The identicality of the copying also establishes access.

44. Plaintiff alleges on information and belief that Defendants, and each of them, copied, reproduced, displayed, and distributed the Infringing Content at various physical locations and online on websites including but not limited to https://sugarfactory.com/. **Exhibit A**, attached hereto, reflects certain non-exhaustive examples of such Infringing Content.

45. Plaintiff alleges on information and belief that Defendants, and each of them, infringed Plaintiff's copyrights by creating infringing derivative works from the Subject Photograph and publishing same to the public.

46. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

47. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Photograph in an amount to be established at trial.

48.   Plaintiff alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## SECOND CLAIM FOR RELIEF

(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each)

1.   Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

2.   The Subject Photograph included copyright management information, including without limitation the author's name, title, and/or other identifying information ("Plaintiff's CMI").

3.   Principles for Defendants were aware and had knowledge at the time that the they displayed derivative versions of the Subject Photograph bearing Defendant's false CMI that they did not have permission to use Plaintiff's Subject Photograph and that the CMI added to the Subject Photograph was likely to induce, enable, facilitate, or conceal infringement.

4.   Defendants, and each of them, distributed and displayed unauthorized copies of the Subject Photograph with knowledge that Plaintiff's CMI had been removed therefrom and/or altered.

5.   Plaintiff alleges on information and belief that Defendants, and each of them, added false copyright management information to the Subject Photograph, before distributing, displaying, and publishing same, as described and depicted hereinabove.

- 12 -

6.   Plaintiff alleges on information and belief that Defendants, and each of them, distributed and published the Subject Photograph at and on websites and in its physical locations under its own name and including its own branded content and/or identifiers.

7.   On information and belief it is alleged that Defendants added "copyright management information," as that phrase is defined in 17 U.S.C. § 1202(c), to the Subject Photograph that was false.

8.   When Defendants distributed and published the Subject Photograph, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. § 1202(a). As a result of the foregoing, Plaintiff has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. § 1203.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

**Against all Defendants, and Each, with Respect to Each Claim for Relief:**

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyrights in the Subject Photography, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photography from any print, web, or other publication owned, operated, or controlled by any Defendant.

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under 17 U.S.C. § 504 , 505 and other applicable law.

- 13 -

COMPLAINT

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

d. That all infringing physical and digital copies of the Subject Photograph in Defendants' possession, custody, or control be impounded, held in trust, and/or conveyed to Plaintiff.

e. That Plaintiff be awarded his attorneys' fees as available under the Copyright Act U.S.C. § 505;

f. That Plaintiff be awarded his costs and fees;

g. That Plaintiff be awarded statutory and enhanced damages;

h. That Plaintiff be awarded pre-judgment interest as allowed by law; and

i. That Plaintiff be awarded further legal and equitable relief as deemed proper.

**Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.**

Respectfully submitted,

Dated: December 2, 2022

By: */s/ Trevor W. Barrett*
Scott Alan Burroughs, Esq.
Trevor W. Barrett, Esq.
Frank R. Trechsel, Esq.
DONIGER / BURROUGHS
For the Plaintiff

- 14 -

1

## EXHIBIT A

2 **Atlanta, Georgia:**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17





18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

**Bellevue, Washington:**



**Biloxi, Mississippi:**

 

COMPLAINT

**Dubai, United Arab Emirates:**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





COMPLAINT

**Foxwoods Casino, Connecticut:**




COMPLAINT

**Pentagon City Mall, Virginia:**





COMPLAINT